CLERK'S OFFICE
DISTRICT COURT E.D.N.Y.
★ AUG 23 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TERRY MOORE,

                     Petitioner,

-against-

D. MARTUSCHELLO, Superintendent,
Coxsackie Correctional Facility,

                     Respondent.
-----------------------------------------------------------------x

**MEMORANDUM & ORDER**

10-cv-3546 (SLT)

**TOWNES, United States District Judge:**

    Pro se petitioner Terry Moore, an inmate at the Coxsackie Correctional Facility, brings this habeas corpus proceeding, pursuant to 28 U.S.C. § 2254, to vacate his July 28, 2005, conviction for first degree attempted robbery in Supreme Court, Kings County. Pursuant to a plea agreement, Justice Patricia M. DiMango sentenced Moore as a predicate felon to a determinate term of seven years' imprisonment and five years' supervised release. Moore also agreed to waive his right to appeal.

    In his petition, Moore argues that: (1) he received ineffective assistance of counsel with regard to his adjudication as a predicate felon; and (2) he was denied due process, equal protection, and proper "jurisdiction" because he did not actually plead guilty to the lesser offense for which he was convicted and sentenced. (Docket No. 1 ("Petition" or "Pet.") ¶¶ 12.A-D). For the reasons set for below, the Petition is denied.

## I.    BACKGROUND

### A.    Plea Agreement and Sentencing

Under Kings County Indictment Number 5705/04, Moore was charged with one count of Criminal Possession of a Weapon in the Fourth Degree (N.Y. Penal Law ("P.L.") § 265.01(1)),

two counts of Robbery in the First Degree (P.L. § 160.15(4)), two counts of Robbery in the Second Degree (P.L. § 160.10(1)), two counts of Robbery in the Third Degree (P.L. § 160.05), two counts of Grand Larceny in the Fourth Degree (P.L. § 155.30(5)), two counts of Petit Larceny (P.L. § 155.25), two counts of Burglary in the Second Degree (P.L. § 140.25(1)), and two counts of Burglary in the Third Degree (P.L. § 140.20), in connection with two robberies of Brooklyn hair and beauty supply stores. (Aff. of Sholom J. Twersky, dated Mar. 30, 2011, ¶¶ 4-5). In each case, Moore, together with a co-defendant, pointed a gun at the owner and removed money and boxes of hair weave from the store. (P. at 6).[1]

On December 14, 2004, Moore entered a guilty plea to one count of Robbery in the First Degree in exchange for a promised sentence of seven years' imprisonment. (P. at 4). Moore's plea was made in full satisfaction of the indictment and covered all pending and possibly pending charges against him regarding additional crimes. (P. at 3). At the plea hearing, Justice DiMango asked Moore whether he was pleading guilty freely and voluntarily, (P. at 6), and directed defense counsel to discuss with him the waiver of the right to appeal contained in the plea agreement. (P. at 10). Moore thereafter signed the waiver and indicated to the court that he did so voluntarily, that he understood all of the court's questions, and that his allocution had been truthful. (P. at 10).

On June 23, 2005, Justice DiMango held a hearing during which the prosecutor for the first time indicated that Moore was a predicate felon, so that the minimum sentence for first degree robbery would be eight years – more than the seven years promised in the plea agreement. (H. at 2). Moore, who appeared with a stand-in attorney, said that he did not

---

[1]  "P." refers to the transcript of the plea hearing held on December 14, 2004. "H." refers to the transcript of the hearing held on June 23, 2005. "S." refers to the transcript of Moore's sentencing held on July 28, 2005.

remember the prior federal offense to which he had pled guilty, but the prosecutor represented to the court that it was pursuant to 18 U.S.C. § 1951, for interference with commerce. (H. at 3). Observing that the prosecutor "probably had no idea about that when we made the offer," Justice DiMango stated that she was prepared to reduce the offense to first degree attempted robbery to preserve the promise of seven years' imprisonment. (H. at 3). The court acquiesced to Moore's request to delay sentencing so that his own attorney could be present. (H. at 3).

On July 28, 2005, Justice DiMango held a sentencing hearing during which defense counsel stated that Moore wanted to withdraw his plea and did not want to "replead" to the lesser offense. (S. at 2). Justice DiMango responded that "actually that's not a reason for a plea back, for him to get a lesser count." (S. at 2). The court initially indicated that Moore would immediately proceed to trial with his co-defendant. (S. at 4). After brief recess, however, the court engaged in the following exchange with Moore and his trial counsel, Joyce David:

> THE COURT: We discussed this case in your absence and my recollection has bec[o]me refreshed that there were two other matters, robberies they were going to be indicted on, but they agreed not to [add to] the indictment [] in exchange for a promise of seven years. You can't back out of the deal because of that. Do you understand me?
>
> THE DEFENDANT: Yes, I understand what you're saying.
>
> THE COURT: Good. You did plead to Robbery in the First Degree for a sentence of seven years. It's been determined you are a nonviolent predicate and that would not be an appropriate sentence on Rob 1. So I'm going to reduce the allocution to an Attempted Robbery in the First Degree. I'm going to do that su[a] sponte.
>
> MS. DAVID: Means by the Court.
>
> THE COURT: It's reduced to a C felony and now the sentence is seven years. Any reason I shouldn't impose sentence?
>
> MS. DAVID: Just for the record, noting that it's over defense objection.
>
> THE COURT: Yes.

3

(S. at 5-6). The court clerk also presented Moore with a statement by the District Attorney that Moore had been convicted and sentenced on a prior felony in federal court, explaining that Moore had the option of admitting, denying, or standing mute as to whether he was the person so convicted. (S. at 8). Moore indicated that he wished to stand mute. (S. at 9). Justice DiMango thereupon imposed the sentence of seven years' imprisonment and five years' post-release supervision, and adjudicated Moore a second felony offender. (S. at 9).

### B.     Collateral Motion

On December 6, 2006, Moore filed an affidavit (Docket No. 10-2 at 24-33 ("Moore 440")) in support of his pro se N.Y. C.P.L. § 440.20 motion to set aside his sentence. Moore argued that his plea agreement and resulting sentence were "illegal" because he had pled guilty to first degree robbery, not attempted first degree robbery, and that he should have been allowed to plead anew or proceed to trial. (Moore 440 at 3). Moore requested that the court set aside his sentence or, in the alternative, allow him to plead instead to first degree attempted robbery and be resentenced to the statutory minimum for that offense. (Moore 440 at 7). The State opposed the motion, arguing that the trial court had the inherent power to modify the judgment where Moore received the bargained-for sentence and the benefit of a reduced conviction. (Docket No. 10-2 at 35-41).

On December 21, 2007, Justice DiMango issued a decision and order (Docket No. 10-2 at 52-55 ("DiMango D&O")) denying Moore's motion. The court found that "it was able to fulfill its sentencing promise by substituting a less serious offense to assure the legality of the sentence without prejudicing the defendant," and that Moore therefore "received the precise sentence for which he bargained and the clear purpose and intent of the plea agreement was satisfied." (DiMango D&O at 2-3) (emphasis in original). On February 11, 2008, Moore sought leave to

appeal the D&O, but the Appellate Division, Second Department ("Appellate Division"), denied his application. (Docket No. 10-2 at 76).

### C. Direct Appeal

In March 2008, Moore filed a direct appeal through counsel in the Appellate Division. (Docket No. 10-3 at 1-20 ("Appeal Mem.")). His appellate counsel raised a single question: "Whether [Moore's] adjudication as a second felony offender was illegal because his federal conviction . . . encompassed conduct that did not constitute a felony in New York." (Appeal Mem. at 2). Although appellate counsel acknowledged that such a claim, which was unpreserved, would not be exempt from the rules of preservation, she argued that the Appellate Division should nevertheless reach the issue "in the interest of justice." (Appeal Mem. at 13-14). She further contended that Moore's waiver of his right to appeal should not preclude consideration of the issue and that, "[i]n any event, [Moore] was denied his Sixth Amendment right to the effective assistance of counsel when his attorney failed to assert that the federal crime of which he had been convicted was not the equivalent of a New York felony for predicate purposes." (Appeal Mem. at 16).

On December 15, 2008, Moore filed a pro se supplemental brief, (Docket No 10-4 at 15-30 ("Supp. Appeal Mem.")), with permission of the court, asserting that his conviction was illegal because "it was obtained without the entry of a plea of guilty" to attempted robbery and that it violated his Fifth Amendment right to due process, his Sixth Amendment right to trial by jury, and New York State criminal procedure, (Supp. Appeal Mem. at 4). He asked the court to reverse his conviction and dismiss the indictment or, in the alternative, to resentence him to the minimum allowed by the statute, insisting that "[s]ince there was a reduction in the grade of conviction, there should also be a reduction in the sentence." (Supp. Appeal. Mem. at 9).

On November 17, 2009, the Appellate Division affirmed the judgment of conviction, finding that Moore's waiver of his right to appeal was valid. People v. Moore, 67 A.D.3d 930, 930 (2nd Dep't 2009). Focusing on his allegations of ineffective assistance, the Appellate Division wrote that the "valid waiver of his right to appeal precludes appellate review of his contention that he was denied the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of the plea." Id. 930. The Appellate Division found that even if Moore were challenging his plea as involuntary, he "received an advantageous plea, and nothing in the record casts doubt on the apparent effectiveness of counsel." Id. at 931. With regard to Moore's remaining claims – raised by appellate counsel and in his supplemental pro se brief – the Appellate Division declined to reach the merits, finding them "either unpreserved for appellate review or waived." Id.

In a series of letters dated December 1 and 30, 2009, and May 28, 2010, Moore's appellate counsel sought leave to appeal the affirmance to the New York Court of Appeals. (Docket Nos. 10-3 at 48-49, 55-56; 10-4 at 25-30). She argued that the case presented "several significant, inter-related issues involving predicate felony adjudications." (Docket No. 10-4 at 25). In particular, appellate counsel pressed the questions of (1) whether an appeal waiver encompasses an attorney's failure to challenge a purported predicate felony; (2) whether such an attorney could be ineffective, despite a favorable plea agreement, for failing make such a challenge; and (3) whether, as a substantive matter, the federal crime for which Moore was convicted can serve as a New York predicate felony. (Docket No. 10-4 at 25). On July 1, 2010, the Court of Appeals summarily denied Moore's application for leave to appeal. People v. Moore, 15 N.Y.3d 776 (2010).

6

**D.     Habeas Petition**

On July 21, 2010, Moore timely filed his Petition which asserts claims substantially similar to those raised in his direct appeal, that (1) his counsel was ineffective at his plea for failing to "realize" that he was not a predicate felon and (2) the trial court had no jurisdiction to reduce his conviction without offering to vacate his plea, so that the plea and sentence were in violation of his due process and equal protection rights. (Pet. ¶ 12). Respondent opposes the Petition, arguing that the ineffective assistance claim is waived, that the other claims are procedurally barred, and that all are, in any event, without merit. (Docket No. 10).[2]

## II.    DISCUSSION

**A.     Legal Standard**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a state prisoner may seek habeas corpus relief in federal court 'on the ground that he is in custody in violation of the Constitution . . . of the United States.'" Carvajal v. Artus, 633 F.3d 95, 104 (2d Cir. 2011) (quoting 28 U.S.C. § 2254(a)). AEDPA provides that if a state court has adjudicated the merits of a petitioner's claim, a federal court shall not grant a habeas corpus petition "unless the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1) or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented," 28 U.S.C. § 2254(d)(2). In applying this standard, the court reviews the last reasoned decision by the state court. Jones v. Stinson, 229 F.3d 112, 118 (2d Cir. 2000). Moreover, the state court's factual

---

[2]     Moore initially filed his Petition in the District Court for the Northern District of New York, but it was transferred to this Court by order dated August 2, 2010. (Docket No. 3).

determinations are "presumed to be correct" unless the petitioner rebuts the presumption "by clear and convincing evidence." § 2254(e)(1).

### B. Independent and Adequate State Law Ground

The Second Circuit has instructed that "where, as here, the State contends that the challenged decision rests on a state law ground that is independent of the federal question and adequate to support the judgment," a court must first "evaluate the sufficiency of that state law ground." Whitley v. Ercole, 642 F.3d 278, 285 (2d Cir. 2011) (emphasis, internal quotation marks and citations omitted); see also Coleman v. Thompson, 501 U.S. 722, 729 (1991). If an independent and adequate state ground is demonstrated, whether substantive or procedural, "principles of comity and federalism compel [the federal court] to defer to that state law ground and thus to decline to review the federal claim." Whitley, 642 F.3d at 285 (internal quotation marks omitted). Review is permitted only "if the petitioner can demonstrate 'cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.'" Gardner v. Fisher, 556 F. Supp. 2d 183, 193 (E.D.N.Y. 2008) (quoting Coleman, 501 U.S. at 750). "To prove a fundamental miscarriage of justice, [a petitioner] must show that a constitutional violation probably resulted in his conviction despite his actual innocence." Dowtin v. Cohen, 179 Fed. App'x 737, 739 (2d Cir. 2006).

### C. Petitioner's Claims

#### 1. Ineffective Assistance of Counsel

In his first claim, Moore argues that he was denied effective assistance of counsel because his trial counsel "failed to realize that [he] was not a predicate felon, and advised [him]

8

to plead guilty in exchange for seven years because of his status as a predicate, instead of five years as a first time felon." (Pet. ¶ 12.A).

"Courts in this circuit have consistently held that a petitioner's waiver of the right to appeal is an adequate and independent state ground for denying habeas corpus relief." Alvarez v. Yelich, No. 09-CV-01343 (SJF), 2012 WL 2952412, at *5 (E.D.N.Y. July 17, 2012) (collecting cases). As noted, the Appellate Division, relying on established New York Law, concluded that Moore's "valid waiver of his right to appeal precludes appellate review of his contention that he was denied the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of the plea." Moore, 67 A.D.3d at 930-31 (citing People v. Hughes, 62 A.D.3d 1026, 1026 (2nd Dep't 2009)). The court also determined that there was no factual basis for challenging the voluntariness of the plea, to the extent Moore meant to assert any. Id. at 931. The Appellate Division therefore invoked an independent and adequate state ground as a basis for its rejection of Moore's ineffective of assistance claim, which constitutes a finding of procedural default.

Accordingly, Moore's first claim is barred from habeas review unless he can show cause for the default and a resulting prejudice, or that a fundamental miscarriage of justice would occur in the absence of review – meaning that "a constitutional violation has resulted in the conviction of an actually innocent person." Hoeft v. D.E. Laclair, No. 08-CV-6060 (VEB), 2011 WL 1198763, at *6 (W.D.N.Y. Mar. 28, 2011) (citing Garcia v. Lewis, 188 F.3d 71, 76-77 (2d Cir. 1999)). As Moore received the seven-year sentence he bargained for and does not challenge his

allocution to the greater crime, he has not shown that he is entitled to either exception. His ineffective assistance claim is dismissed as procedurally defaulted.[3]

### 2. Due Process, "Jurisdiction," and Equal Protection

Moore asserts three additional grounds, all advancing a similar claim: that the trial court violated his rights because it improperly convicted him of a crime to which he did not actually plead guilty. (Pet. ¶¶ 12.B-D). Moore raised similar arguments in his pro se supplemental brief on direct appeal, writing that the trial court "sua sponte modified the illegal plea from Robbery in the 1st degree to Att. Robbery in the 1st degree over [his] objection." (Supp. Appeal Mem. at 4). The Appellate Division did not reach the merits of these claims, holding that Moore's "remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or waived." Moore, 67 A.D.3d at 931.

The Appellate Division did not specify which of the two procedural grounds applied to each remaining claim. Nevertheless, even if the claims Moore now advances in his Petition were preserved before the Appellate Division, they were waived pursuant to the waiver of appeal that the court found to be valid. Additionally, Moore again fails to demonstrate cause and prejudice as to the procedural default or that failure to consider these claims would result in a fundamental miscarriage of justice. Indeed, he received the seven-year sentence negotiated in his plea agreement, based on allocuted facts he does not dispute. Moore's remaining grounds for habeas relief therefore are dismissed.

---

[3] The Court notes that Moore has apparently abandoned the separate and primary claim advanced by his appellate counsel, namely that his prior federal conviction did not constitute a felony in New York for purposes of adjudicating him a second felony offender. (Appeal Mem. at 7-8). To the extent that a liberal reading of Moore's first habeas ground invokes this issue, the Court notes that appellate counsel conceded it was unpreserved, as trial counsel "never argued that the federal crime . . . did not qualify as a New York felony." (Appeal Mem. at 17). The Appellate Division found this issue "either unpreserved . . . or waived," Moore, 67 A.D.3d at 931, rendering it procedurally barred from habeas review.

### III. CONCLUSION

For the reasons set forth above, the instant petition for a writ of habeas corpus is denied. A certificate of appealability shall not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

s/Sandra L. Townes

/SANDRA L. TOWNES
United States District Judge

Dated: August 23, 2013
       Brooklyn, New York